# Boyd, Appellant, *v.* Baltimore & Ohio Railroad Co.

*Contracts—Siding contracts—Termination clause—Notice.*

Where a contract for the construction of a siding contains an agreement to discontinue the use thereof upon thirty days' notice and the railroad company subsequently removes the switching connection into the siding, without giving notice, it is responsible to the plaintiff for such damages as accrue during the thirty days subsequent to the actual taking up and removal of the track. When the switch was removed the subject-matter of the contract ceased to exist; and although the defendant did not conform to the contract, and give the written notice, nevertheless the plaintiff received actual notice by the alteration of the connection, and he was entitled to recover what the switch would have been worth to him during the thirty days following the removal.

Argued April 22, 1919. Appeal, No. 157, April T., 1919, by plaintiff, from judgment of C. P. Fayette Co., June T., 1914, No. 347, on verdict for plaintiff in the case of Charles S. Boyd v. Baltimore & Ohio Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Assumpsit on a written contract for the construction and maintenance of a railroad siding.   Before VAN SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $80 and judgment thereon. Plaintiff appealed.

*Errors assigned* were various rulings on evidence and the charge of the court.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant.

*D. W. McDonald,* and with him *James R. Cray* and *Thomas H. Hudson,* for appellee.

OPINION BY TREXLER, J., October 13, 1919:

Plaintiff owns a farm in Fayette County, on which there is a deposit of sand.   On December 18, 1901, plaintiff and the defendant company entered into a written agreement for the construction of a railroad siding along plaintiff's land to be used by him for the purpose of shipping sand to various purchasers.   The agreement contained the provisions that the railroad company should have the right at any time after thirty days' notice in writing, to discontinue the use of the siding and remove all connections, switches and frogs.   In August, 1918, the company removed the switch without giving any written notice.   The plaintiff has brought suit in assumpsit, alleging that by reason of the breach of the agreement in failing to give written notice, he was unable longer to carry on his business of shipping sand and loam, and that hereby he was greatly injured and damaged.

The only question involved is the amount of the damages.   Although the question as to the validity of the provision of the contract, providing for the removal of

the switch is raised in the paper-book, we will not consider it, for according to the pleadings and the presentation of the case at the trial, the only subject involved was the damages for the breach of contract. As was said by the learned trial judge, "Having pleaded the violation of that particular provision of the contract as constituting his cause of action, and having gone to trial thereon, plaintiff cannot be heard to say, after verdict not to his liking, that the provision of the contract violated, and on which violation he based his action, was null and void, and that the contract should be considered and construed as though that provision was not contained therein. If the pleading were different possibly different questions would be presented, but we must dispose of the case as we find it and as we found it at the trial."

The court held at the trial, that the actual removal of the side-track was notice of the desire of the first party to discontinue its use, and that the railroad company was liable only for such damages as accrued to the plaintiff during the thirty days subsequent to the actual taking up and removing of the track. When the switch was removed the subject-matter of the contract ceased to exist. Although the defendant did not conform to the contract, and give the written notice, we would not hold that defendant's liability for violating the contract continued indefinitely, or until such time as written notice was given. That the plaintiff had actual notice by reason of the taking away of the connection, cannot be denied. He should be allowed to receive what he lost by reason of the thirty days' notice not being given, and the court by its ruling put him in the same position as he would have been, had the required notice been given, and allowed him to recover what the switch would have been worth to him during the thirty days following the removal.

The judgment is affirmed.